UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                        Chapter 7

Regina Cambria and Anthony Cambria,           Case No.: 12-70608-478

                                                               **MEMORANDUM DECISION**
                                    Debtors.              **AND ORDER**
---------------------------------------------------------x

        Debtors filed for chapter 7 relief under the Bankruptcy Code on February 3, 2012 (the "Petition Date") and received a discharge of their indebtedness on May 7, 2012 and the bankruptcy case was closed.  On December 3, 2012, this bankruptcy case was reopened for the limited purpose of allowing the Debtors to file a motion to avoid certain judicial liens pursuant to 11 U.S.C. § 522(f).

        On December 12, 2012, the Debtors filed a motion (the "Motion") seeking to avoid the judicial lien of Discover Bank entered on February 1, 2012 in the Suffolk County Clerk's Office in the amount of $9,205.56 (the "Judicial Lien") against the Debtors' interest in their real property located at 33 Willow Wood Drive, East Setauket, New York 11733 (the "Real Property") on the basis that the Judicial Lien impairs the Debtors' homestead exemption.

        Under 11 U.S.C. § 522(f), a debtor may avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled. 11 U.S.C. § 522(f)(1)(A). For purposes of section 522(f), a judicial lien shall be considered to impair an exemption to the extent that the sum of:

                (i) the lien;
                (ii) all other liens on the property; and
                (iii) the amount of the exemption that the debtor could claim if there were
                no liens on the property

1

...

> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

According to the Motion and the Debtors' bankruptcy schedules, as of the Petition Date, there was a first mortgage lien on the Real Property held by CitiMortgage, Inc. in the amount of $174,755.48 and a second mortgage lien on the Real Property held by Chase in the amount of $64,267.37. Accordingly, the total mortgage liens against the Debtors' interest in the Real Property as of the Petition Date, was $239,022.85.

On January 31, 2013, the date of the hearing on the Motion before the Court (the "January 31, 2013 Hearing"), the Debtor filed a one-page print-out from www.Zillow.com showing a "Zestimate" of the value of the Real Property at $291,500 as of January 2012. The Debtors' Schedule A to the petition also reflects a value of $291,500. After taking into account the Debtors' consensual mortgage liens, there is $52,477.15 in equity in the Real Property.

Pursuant 11 U.S.C. § 522(d)(1), a debtor may exempt under the federal homestead exemption his/her "aggregate interest, not to exceed $21,625 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence...." In addition, pursuant to 11 U.S.C. § 522(d)(5), a debtor may also exempt under the federal "wild card exemption" such debtor's "aggregate interest in any property, not to exceed in value $1,150 plus up to $10,825 of any unused amount of the exemption provided under [§ 522(d)(1)]."

On Schedule C to the petition, the Debtors each claimed the maximum amount permitted under the federal homestead exemption of $21,625 for a total of $43,250. In addition to the homestead exemption, the Debtors claimed $9,227.15 under the federal wildcard exemption for a

total of $52,477.15, the exact amount of equity in the Debtors' Real Property.

At the January 31, 2013 Hearing on the Motion, Debtors' counsel argued that the Debtors are entitled to avoid the Judicial Lien because the amount claimed under the homestead exemption and the federal wildcard exemption together equaled the amount of equity in the Debtors' Real Property and the Judicial Lien would impair the Debtors' exemptions.

While each of the Debtors is entitled under section 522(d)(5) to claim up to $1,150 plus up to $10,825 of any *unused* amount of the $21,625 homestead exemption provided under section 522(d)(1) to exempt any interest in other real or personal property, each of the Debtors had already claimed and have been allowed the full amount of the homestead exemption of $21,625 per debtor, or $43,250 for joint debtors. Accordingly, the Debtors cannot claim any portion of the $10,825 exemption under section 522(d)(5) because the full amount of the homestead exemption has already been applied against the Real Property and there is no remaining unused balance. To permit otherwise would allow the Debtors to apply a portion of the homestead exemption twice. Therefore, each of the Debtors is limited to $1,150, or $2,300 for both Debtors, under section 522(d)(5) which can be applied against any property.

While it is possible for the Debtors to each apply $1,150 to exempt additional equity on top of the $43,250 homestead exemption already taken with respect to their Real Property, the Court takes judicial notice that the Debtors' Schedule C to the petition shows that the Debtors have already applied the wild card exemption under 11 U.S.C. § 522(d)(5) against the following personal property:

| | |
|---|---|
| Bank of America Checking Account | $   10.00 |
| Chase Checking Account | $ 218.71 |

3

|  |  |
|---|---|
| Chase Checking Account | $ 303.13 |
| Wearing Apparel | $ 800.00 |
| <u>Timeshare - Playa Linda</u> | <u>$4,500.00</u> |
| Total | $5,831.84 |

Because the Debtors have already applied and been allowed the maximum amount of $2,300 for joint debtors under 11 U.S.C. § 522(d)(5) to exempt $5,831.84 in personal property as set forth above, they are prohibited from asserting the $2,300 again to exempt additional equity in their Real Property. Section 522(d)(5) is not a limitless exemption. <u>United States of America v. Christensen et al.</u>, 200 B.R. 869, 872 (D.S.D. 1996) (noting that the section 522(d)(5) "wild card exemption" is a one-time benefit conferred and once used to the full amount permissible, it can be of no further benefit). Therefore, the Debtors' claim of an additional $9,227.15 exemption pursuant to section 522(d)(5) against their Real Property on top of the $43,250 homestead exemption is inappropriate as the amounts have already been claimed and allowed for other personal property.

Accordingly, because the Debtors are only entitled to claim and have been allowed an aggregate federal homestead exemption of only $43,250, there is non-exempt equity of $9,227.15 for the Judicial Lien to attach against the Real Property. Given that the amount of the Judicial Lien is only $9,205.56, there is sufficient non-exempt equity for the Judicial Lien to attach without impairing the Debtors' homestead exemption.

## CONCLUSION

Based upon the foregoing, the Debtors' Motion to avoid the Judicial Lien under 11 U.S.C. § 522(f) is denied.

The Clerk of the Court is directed to re-close this bankruptcy case.

So Ordered.



Dated: Central Islip, New York
February 14, 2013

Dorothy Eisenberg
United States Bankruptcy Judge